No. 769                August 12, 2026                215

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WASHINGTON COUNTY,
a political Subdivision of the State of Oregon
and Clackamas County, a political subdivision of the
State of Oregon,
*Petitioners,*

*v.*

OREGON HEALTH AUTHORITY
and Oversight and Accountability Council,
agencies of the State of Oregon,
*Respondents.*
Oregon Health Authority
A185658

Submitted March 4, 2026.

Jane E. Vetto, Caleb Huegel, and Eamon McMahon filed the opening brief for petitioners. On the reply brief were Billy J. Williams, Caleb Huegel, Alex Barnett, and Eamon McMahon.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondents.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Dismissed as moot.

**AOYAGI, P. J.**

This judicial review proceeding relates to the administration of the Drug Treatment and Recovery Services Fund created under Ballot Measure 110 (2020), specifically the funding formula adopted by the Oversight and Accountability Council (OAC) in July 2024 for use in the 2025-29 grant cycle. Petitioners Washington County and Clackamas County contend that the funding formula constitutes an administrative rule and that said rule is invalid both because OAC did not follow the applicable rulemaking procedures and because OAC lacked the statutory authority to adopt a funding formula. Respondents OAC and Oregon Health Authority (OHA) have moved to dismiss the proceeding as moot. Petitioners oppose the motion. The Appellate Commissioner deferred the motion to the merits panel, and, for the reasons explained below, we dismiss as moot.

OAC was initially established to "oversee the implementation of the Behavioral Health Resource Networks" (BHRNs) envisioned by Measure 110. ORS 430.388(1)(a) (2021), *amended by* Or Laws 2023, ch 248, § 5; Or Laws 2025, ch 292, § 2. As relevant here, under the statutes in effect in 2024, OAC was tasked with "approv[ing] grants and funding provided by [OHA] in accordance with [section 389] to implement [BHRNs] and increase access to community care." ORS 430.389(1) (2023), *amended by* Or Laws 2024, ch 70, § 68; Or Laws 2025, ch 495, § 8; Or Laws 2025, ch 292, § 3. Meanwhile, OHA was to adopt rules establishing a grant application process, general criteria and requirements for BHRNs and the grants and funding required by ORS 430.389, and an appeals process for denials. ORS 430.390(1)(a) (2023), *amended by* Or Laws 2025, ch 292, § 4.

In July 2024, OAC approved a funding formula for the 2025-29 grant cycle, which it later characterized as a "guideline" and "starting point" for grant decisions. OAC proceeded to award grants for the 2025-29 cycle.

In October 2024, petitioners initiated this judicial review proceeding, seeking to have OAC's funding formula declared an invalid rule.

In 2025, the legislature enacted Senate Bill (SB) 610 (2025), which changed OAC's purpose and role. The stated purpose of OAC is now to "advis[e] [OHA] on the grant program described in ORS 430.389," including advising OHA on funding priorities and distribution. ORS 430.388(1). OAC no longer has authority to approve grants itself and instead has only a consultatory role: "[OHA] shall administer, in consultation with [OAC], a grant program to implement [BHRNs] and increase statewide access to and awareness of the services described in [ORS 430.389(2)(e)]." ORS 430.389(1). Notably, the motivation for SB 610 was to address dissatisfaction with OAC's funding formula by transferring grant-awarding authority to OHA. *See* Audio Recording, Joint Committee on Addiction and Community Safety Response, SB 610, Apr 9, 2025, at 24:45 (comments of Sen Kate Lieber and Sen Wlnsvey Campos, two of the bill's chief sponsors), https://olis.oregonlegislature.gov/liz/mediaplayer?clientID=4879615486&eventID=2025041148 (accessed July 27, 2026); Audio Recording, Joint Committee on Addiction and Community Safety Response, SB 610, Feb 26, 2025, at 1:00:10 (comments of Sen Wlnsvey Campos), https://olis.oregonlegislature.gov/liz/mediaplayer?clientID=4879615486&eventID=2025021276 (accessed July 27, 2026).

The question before us is whether this proceeding is moot at this point and should be dismissed. *See Carleton v. Oregon Health Authority*, 282 Or App 142, 144, 385 P3d 1242 (2016) ("Oregon courts retain the authority to dismiss moot cases."). Respondents assert that this proceeding is moot because all the grant money for the 2025-29 cycle has been awarded and because the 2025 statutory amendments have relieved OAC of any authority to award grants in later cycles. Petitioners disagree. They do not contend that the outcome of this proceeding would affect the grants awarded in the 2025-29 cycle, nor do they contend that OAC has authority to award grants in any future cycle. Instead, they argue that the proceeding is not moot because the funding formula adopted by OAC in July 2024 "has not been repealed, replaced, or expired." They also argue that, as a result of that funding formula, "millions of fewer dollars were available for BHRNs who applied for grants in Clackamas County

and Washington County" in the 2025-29 cycle, which petitioners describe as a "collateral consequence" that is "not diminish[ed]" by "[t]he fact that all grants for the 2025-29 cycle have been awarded." Finally, petitioners request that, if we do decide the proceeding is moot, we exercise our discretion to provide review under ORS 14.175, based on the adoption of the funding formula being an act that is capable of repetition yet evading review.

We agree with respondents that this proceeding is moot. Petitioners have not identified any practical effect that a decision on the merits would have, either direct or collateral. *See Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018) (recognizing that a case is generally moot when deciding it would answer only "an abstract question without practical effect" (internal quotation marks omitted)); *Free Oregon, Inc. v. Oregon Health Authority*, 329 Or App 460, 464, 541 P3d 897 (2023) (requiring a party contesting mootness to identify practical effects or collateral consequences that a decision on the merits would have). Even if we were to declare OAC's funding formula an invalid rule, no changes could be made now to the grants awarded for the 2025-29 grant cycle (the parties appear to agree on that point), and OAC has no authority to award grants in any future cycle. *Cf. Mid-County Future Alt. v. Metro. Area LGBC*, 304 Or 89, 91-92, 742 P2d 47 (1987) (concluding that intervening legislative act rendered judicial review proceeding moot); *State v. Ehrensing*, 232 Or App 511, 518, 223 P3d 1060 (2009) (challenge to court order requiring sheriff to release seized marijuana was moot once the marijuana was released and could not be gotten back); *Thomas v. Penfold*, 23 Or App 168, 170, 541 P2d 1065 (1975) (suggesting that, but for a live issue regarding liability on a bond, a challenge to a voter-approved budget would have been moot once the money was irrevocably "either paid out or obligated"). As for the funding formula resulting in less money being available to BHRNs who applied for grants in Clackamas and Washington counties in the 2025-29 cycle, it is inaccurate to describe that as a "collateral" consequence. Rather, it is a direct consequence, at least as conceived by petitioners, but one that cannot be undone at this point, hence the lack of any practical effect on the parties.

Of course, any party has standing to challenge an existing rule, even if it does not affect them directly. *Kellas v. Dept. of Corrections*, 341 Or 471, 477, 145 P3d 139 (2006). But we disagree with petitioners that OAC's putative rule is an existing rule. OAC has not formally repealed the funding formula that it adopted in July 2024, which is hardly surprising given that it lacks rulemaking authority and does not consider the formula to be a rule. It does not follow, however, that the formula remains in effect. The putative rule appears to have been adopted only for use in the 2025-29 grant cycle, such that it has expired. *See Hay v. Dept. of Transportation*, 301 Or 129, 133-34, 719 P2d 860 (1986) (expiration of an administrative rule moots a challenge to it). If it somehow did not expire, it was effectively repealed with the passage of SB 610, because OAC no longer has any authority to award grants.[1] *Cf. Mid-County Future Alt.*, 304 Or at 91-92 (intervening legislative act rendered judicial review proceeding moot); *Mooney v. Oregon Health Authority*, 314 Or App 809, 811, 500 P3d 79 (2021) (repeal or replacement of an administrative rule moots a challenge to it).

Petitioners suggest that OAC could rely on the same funding formula to make recommendations to OHA in its new consulting role in future grant cycles, in which case the formula would "still constitute a 'rule' under ORS 183.310(9)." We are unpersuaded. As described in petitioners' opening brief (and consistent with OAC's meeting minutes), the putative rule adopted by OAC and challenged by petitioners is "a new formula for determining the amount of grant funds that BHRNs may collectively be awarded in each county for the 2025-29 grant cycle." That grant cycle is over. And it is undisputed that OAC lacks rulemaking authority, so the legislature obviously does not intend OAC to make administrative rules in its consulting role. If any rules are adopted going forward, petitioners will be able to challenge them in the normal course. *Cf. Hay*, 301 Or at 133-34 (concluding

---

[1] Petitioners suggest that SB 610 does not moot this proceeding because "OAC did not have statutory authority to adopt the new formula *before* \*\*\* [or] *after* the enactment of SB 610." But OAC had statutory authority to award grants before the enactment of SB 610, which it lost upon the enactment of SB 610, and it was that authority that led it to adopt the funding formula. The parties disagree whether the funding formula qualified as an administrative rule, but who was right on that point only mattered while the funding formula remained in effect.

that a challenge to an expired rule was moot regardless of the fact that the agency might readopt the challenged rule in the future); *Joint Council of Teamsters #37 v. BOLI*, 168 Or App 398, 412, 11 P3d 247, *rev den*, 331 Or 429 (2000) ("[A] challenge to a superseded rule is moot even when the superseded rule has some continuing effect on the application of the current rule because any harm allegedly caused by the invalidity of the superseded rule is, in actuality, a problem with the present rule." (Internal quotation marks omitted.)).

Finally, we reject petitioners' request to decide this case under ORS 14.175. ORS 14.175 permits us to decide the validity of an act, policy, or practice of a public body even though it "no longer has a practical effect" on the party if the party had standing to commence the action; the challenged act "is capable of repetition, or the policy or practice challenged by the party continues in effect"; and "[t]he challenged policy or practice, or similar acts, are likely to evade judicial review in the future." At a minimum, the third requirement is not met. If the same funding formula were adopted in the future, there is no reason to believe that it would evade judicial review. OAC's putative rule was so short-lived as to evade review only because the legislature responded to it by revoking OAC's authority to award grants, not because there is anything inherent in the funding formula that would cause it to evade review. The requirements for review under ORS 14.175 are not met, so such review is not available. *Penn v. Board of Parole*, 365 Or 607, 613, 451 P3d 589 (2019) (recognizing that discretion exists under ORS 14.175 only when "the requirements set out in ORS 14.175 are satisfied").

Dismissed as moot.